IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DIAMOND RESORT HAWAII CORPORATION, a Hawaii corporation; DIAMOND RESORT MANAGEMENT, INC., a Hawaii corporation; and JANIC CORPORATION, a Hawaii corporation,<br><br>      Plaintiffs,<br><br>  vs.<br><br>BAY WEST KAILUA BAY, LLC, a Virginia limited liability company,<br><br>      Defendant.<br>_____ | CV. NO. 10-00117 DAE-LEK |

ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND DENYING
WITHOUT PREJUDICE DEFENDANT'S MOTION TO STAY PROCEEDINGS

On August 23, 2010, the Court heard Defendant's Motion to Dismiss, or, in the Alternative, Stay Proceedings. Steven M. Egesdal, Esq., appeared at the hearing on behalf of Plaintiffs; Matthew C. Shannon, Esq., appeared at the hearing on behalf of Defendant. After reviewing the motion and the supporting and opposing memoranda, the Court **DENIES** Defendant's Motion to Dismiss and **DENIES WITHOUT PREJUDICE** Defendant's Motion to Stay. (Doc. # 11.)

BACKGROUND

On March 3, 2010, Diamond Resort Hawaii Corporation, Diamond Resort Management, Inc., and Janic Corporation (collectively, "Plaintiffs") filed a Complaint for breach of contract involving a June 6, 2008 promissory note on a loan from Plaintiffs to Bay West Kailua Bay, LLC ("Defendant").  (Doc. # 1.)  The principal amount of the loan was $2,123,255.  (Id. ¶ 7.)  On July 1, 2008, Defendant executed an amendment to the promissory note ("the Note"), which extended the maturity date of the Note to June 30, 2010.  (Id. ¶ 8.)

Defendant secured the Note by executing a Purchase Money First Mortgage, Security Agreement and Financing Statement ("the Mortgage") on June 6, 2008.  (Id. ¶ 9.)  The Mortgage was filed in the Land Court as Document No. 3756432.  (Id.)  The Mortgage was subsequently amended on July 1, 2008, with an agreement and financing statement filed in the Land Court as Document No. 3765202.  (Id.)  The Mortgage granted Plaintiffs a mortgage lien and security interest in the real and personal property at 555 Kaukahi Street, Wailea, Maui, Hawaii, the Hotel Wailea.[1]  (Id.)

---

[1] On June 6, 2008 Defendant filed a financing statement in favor of Plaintiffs in the Bureau of Conveyances, State of Hawaii.  (Doc. # 1 ¶ 10.)  On June 13, 2008, Defendant filed a financing statement in favor of Plaintiffs in the Office of the Clerk for the State Corporation Commission of the Commonwealth of Virginia.
(continued...)

On June 16, 2008, Defendant executed an Accommodation Mortgage Security Agreement and Fixture Filing in favor of Central Pacific Bank ("CPB") in connection with a loan from CPB to Black Diamond Hospitality Investments, LLC (the "Accommodation Mortgage"). (Id. ¶ 11.) Plaintiffs subordinated their interests under the Mortgage to the CPB Accommodation Mortgage on June 30, 2008. (Id. ¶ 13.)

Defendant subsequently conveyed its interest in the property to Black Diamond on November 4, 2009 by an Assumption Deed. (Id. ¶ 14.) According to Plaintiffs, in doing so, Defendant assigned its rights and obligations under the Note to Black Diamond. Defendant also delegated its payment obligations under the Mortgage to Black Diamond. (Id. ¶ 16.) Plaintiffs contend that they consented to the assignment and delegation but did not release Defendant from its financial obligations under the Note or Mortgage. (Id. ¶ 15-16.)

On December 17, 2009, CPB assigned its right and interest to the Accommodation Mortgage to Granite Fund IV, LLC. (Id. ¶ 18.)

On February 3, 2010, Granite Fund filed an action in the First Circuit Court of the State of Hawaii to foreclose the CPB Accommodation Mortgage

---

[1](...continued)
(Id.)  Both statements were amended in July 2008. (Id.)

against Black Diamond.  (Id. ¶ 18.)  Plaintiffs in this action were joined as defendants in the state action.  (Id.)

The state action specifically references federal Plaintiffs' interest in the property as recorded by Land Court Document No. 3756432.  (Doc. # 14 Ex. 1 ¶ 21.)

Plaintiffs seeks damages in an amount to be proven, pre- and post-judgment interest, and an award of fees and costs.

On May 20, 2010, Defendant filed a Motion to Dismiss, or, in the Alternative, Stay Proceedings.  (Doc. # 11.)  Defendant essentially asks this Court to dismiss or stay this case while concurrent state proceedings are pending.  On July 20, 2010, Plaintiffs filed an Opposition arguing that dismissal would be inappropriate. (Doc. # 14.)  Defendant filed a Reply on August 8, 2010.  (Doc. # 15.)

## DISCUSSION

Defendant contends that because there is a foreclosure action proceeding in the First Circuit Court of the State of Hawaii involving the subject property, this Court should dismiss the action in accordance with Colorado River Water Conservation District v. United States, 424 U.S. 800, 817-18 (1976).  For

reasons set forth below, the Court concludes that a dismissal or stay is not appropriate.

I.  The State Action

On February 3, 2010, Granite Fund filed suit in state court against Black Diamond (the corporation to which Defendant assigned and delegated its rights and obligations in the federal action), Diamond Resort Hawaii Owners Association, Kiyoko Kimura, and Plaintiffs from the federal action. (Opp'n Ex. 1.) Defendant in the federal action, Bay West, is not party to the state action.

The focus of the state action is a $16,500,000 loan from CPB to Black Diamond and the June 16, 2008 note executed by CPB. (Id. at 3.) The subject property is the same property in the federal action, 555 Kaukahi Street, Wailea, Hawaii.[2] Black Diamond executed a mortgage to CPB, which subsequently assigned the loan documents to Granite Fund on December 9, 2009. (Id. at 5.) Granite Fund accuses Black Diamond of failing to make proper payments under their loan documents. (Id. at 6.)

Granite Fund brings suit against the remaining defendants, including Plaintiffs from the federal action, because they "may have or may claim an interest

---

[2] The Tax Map Key Number referenced in both complaints is identical: (2)2-1-008-105.

in the Mortgaged property." (Id. at 7.) Granite Funds contends that the federal Plaintiffs' "interest in the Mortgaged Property, if any, is prior and superior to the interests of [Granite Funds] provided that said lien or interest of [federal Plaintiffs] are valid, existing and still outstanding, and only up to the amounts secured thereby." (Id.)

Defendant characterizes the state action as "involving identical subject matter and virtually the same parties." (Mot. at 4.) According to Defendant, the focus of the state action is the validity and enforceability of the Note and mortgage. (Id.)

Plaintiffs dispute that the state suit constitutes a "parallel proceeding." Plaintiffs note that the plaintiff in the state action is Granite Fund, which is not a party to this federal action. Plaintiffs also contend that the issue in the state action is a different loan with different claims and defenses asserted by the parties. Further, Plaintiffs believe that the foreclosure action in state court is distinguishable from the matters before this Court, which involve money judgments and not foreclosures on real property. (Opp'n at 1-2.)

It appears that Granite Fund's motion for summary judgment as to all claims in the state action has been granted. (Opp'n Ex. 3 at 3.) A commissioner

has been appointed to administer the state foreclosure sale. (Reply at 2; Reply Ex. 1-2.)

Upon review of the foregoing, the Court makes the following conclusions as to the applicability of the Colorado River doctrine.

II.     Colorado River Doctrine

"Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976) (quoting McClellan v. Carland, 217 U.S. 268, 282 (1910)). The federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." Id. Under certain exceptional circumstances, however, and in consideration of "wise judicial administration," a federal suit may be dismissed "due to the presence of a concurrent state proceeding." Id. at 818. A court should bear in mind, however, that "[t]he issue ... is not simply whether state court is a 'better' forum" to resolve the issues pending before the federal court. Travelers Indem. Co. v. Madonna, 914 F.2d 1364, 1369 (9th Cir. 1990).

    A.    <u>Substantial Similarity</u>

The requirements that state and federal proceedings be parallel may be met when the proceedings are "substantially similar." <u>Nakash v. Marciano</u>, 882 F.2d 1411, 1417 (9th Cir. 1989). Exact parallelism between federal action and state court action is not required. <u>Id.</u>

The Court concludes that the state and federal actions are substantially similar enough to warrant review under the <u>Colorado River</u> doctrine. First, the same real property is the basis for the mortgages and Notes at issue in both cases. Second, it also appears, although at this juncture the Court cannot be certain, that the June 6, 2008 promissory note on a loan from Plaintiffs to Defendant engendered the subsequent Notes and mortgage agreements at issue in the state and federal proceedings. Third, Plaintiffs in this action are the defendants in the state action. Fourth, although it is true that Defendant in this action is not party to the state action, Black Diamond, the entity to which Defendant assigned its rights and obligations pursuant to an Assumption Deed, is a defendant in the state action. Fifth, both notes at issue also appear to be linked to the CPB Accommodation Mortgage. Sixth, both the federal and state complaints rely, at least in part, on Land Court Document No. 3756432. Therefore, the notes and issues appear inextricably related. Indeed, it is Defendant's contention that resolution of the state

8

foreclosure proceedings may render the federal action moot. (Reply at 6.) At the hearing on the matter, Plaintiffs disputed that the actions are similar or that resolution of the state action would render the federal action moot.[3] At this juncture, however, the Court finds the actions sufficiently similar.

Having found the actions to be sufficiently similar, the Court must evaluate whether dismissal of the federal action is appropriate. This Court's analysis is guided by the principal that any doubt as to whether a factor exists should be resolved against dismissal or stay of the federal action. See Travelers Indem., 914 F.2d at 1369. "'Only the clearest of justifications will warrant dismissal.'" Id. (quoting Colo. River, 424 U.S. at 819).

U. S. Supreme Court and Ninth Circuit cases have identified a non-exhaustive list of seven factors that a court may use to evaluate whether dismissal is proper. The are: (1) whether the state court first assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation;(4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether federal or state law provides the rule of decision on the merits; (6) whether the state court proceedings are inadequate to

---

[3] At the hearing, Plaintiffs' counsel supplemented the record with the June 21, 2010 Motion for Summary Judgment submitted in the state action.

protect the federal litigant's rights; and (7) whether the exercise of jurisdiction would encourage forum shopping.  See Colo. River, 424 U.S. at 818-19; Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 23, 26 (1983); Travelers Indem., 914 F.2d at 1367-68; AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1155 (9th Cir. 2007).

"The factors relevant to a given case are subjected to a flexible balancing test, in which one factor may be accorded substantially more weight than another depending on the circumstances of the case, and 'with the balance heavily weighted in favor of exercising jurisdiction.'"  Holder v. Holder, 305 F.3d 854, 870-71 (9th Cir. 2002) (quoting Moses H. Cone, 460 U.S. at 16).  The Court analyzes the aforementioned factors within context of the facts of this case.

B.    Jurisdiction Over Property

The state court clearly has jurisdiction over the property at issue, as the state has instituted foreclosure proceedings.  The property itself, however, is not at issue in the federal action.  Instead, Plaintiffs seek a judgment for money damages on their promissory note.  Defendant counters that the sale of the property in the state action may satisfy the Note at issue in the federal action.  On balance, the Court concludes that this factor is neutral.

### C. Inconvenience of the Federal Forum

Considerations of convenience are also a neutral factor in this Court's analysis. There is no dispute that the U.S. District Court and the state Circuit Court are located within one block of each other. The parties acknowledge that this is a neutral factor. (Mot. at 9; Opp'n at 11.) Accordingly, this factor carries no weight. See Morisada Corp. v. Beidas, 939 F. Supp. 732, 737 (D. Haw. 1995).

### D. Piecemeal Litigation

The avoidance of piecemeal litigation is desirable but is not necessarily a concern that outweighs a court's "unflagging obligation" to exercise jurisdiction. See Tovar v. Billmeyer, 609 F.2d 1291, 1293 (9th Cir. 1979). Avoiding piecemeal litigation is a factor weighing only slightly in favor of dismissal under the facts of this case. The record shows that the state court proceeding is substantially completed, with the state court plaintiff prevailing on its motion for summary judgment. The Court is unaware whether final judgment has been entered, but the Court may presume that such judgment will be entered shortly. It may be, therefore, that there will soon be no "concurrent" state action.

Moreover, because the state action is largely completed, Defendant's concern that the defendants in that case will assert different counterclaims or defenses than are raised in the federal action is rendered hypothetical at best.

Defendant believes that the state court's order and the institution of foreclosure proceeding will moot the matters in federal court. Should Defendants believe that the matters pending in this court have become moot, Defendants may file a motion with this Court on that ground.

E.  Order of Jurisdiction

The state action was filed on February 3, 2010, and the federal action was filed on March 3, 2010. The state courts held jurisdiction first, albeit by only one month. At the time the cases were filed, the time difference was insignificant.

At this juncture, however, the state action is substantially more progressed than this federal action. This fact weighs only slightly in favor of dismissal, because "the mere fact that parallel proceedings may be further along does not make a case 'exceptional' for the purpose of invoking the Colorado River exception." Neuchatel Swiss Gen. Ins. Co. v. Lufthansa Airlines, 925 F.2d 1193, 1194 (9th Cir. 1991).

F.  State Law Provides the Rule of Decision on the Merits

The parties do not dispute that state law, not federal law, controls the substantive legal issues. The parties also agree that the state laws at issue are not complex, and the Court concludes that the issues are amenable to resolution in federal court. Because the issues are equally appropriate for adjudication in state

as well as federal court, this factor weighs only slightly in favor of dismissal. See Intel Corp. v. Advanced Micro Devices, Inc., 12 F.3d 908, 915 (9th Cir. 1993) (holding that the presence of state law issues does not generally outweigh a federal court's obligation to ensure resolution of the claims).

  G. Adequacy of State Court Proceedings to Protect Federal Rights

    All parties agree that there are no federal rights implicated in these actions. (Mot. at 12; Opp'n at 15.) Jurisdiction in this Court is based on diversity jurisdiction and not on any federal question. Accordingly, this factor is inapplicable.

  H. Whether Exercising Jurisdiction Would Promote Forum Shopping

    Considerations of forum shopping do not weigh heavily in favor of or against dismissal in this action. It is unclear to the Court whether Plaintiffs would gain any real tactical advantage for filing in federal court. Defendant has not demonstrated to the Court that any such tactical advantage actually exists or is plausible. See Travelers Indem., 914 F.2d at 1370-71 (noting that the forum shopping factor is applicable when the party seeks to avoid an adverse state ruling or to gain a tactical advantage). Plaintiffs are themselves the defendant in the state action, so Plaintiffs have not "avoided" a state ruling.

In light of the foregoing, the Court concludes that dismissal or stay of the federal action is not warranted. There are no "exceptional circumstances" presented in this case. Furthermore, it is unclear whether the state court proceedings would, in actuality, resolve all the pending federal matters. Without such certainty, this Court is disinclined to relinquish its jurisdiction over the federal action. The Ninth Circuit has applied Colorado River narrowly, and any doubt that the pending state proceedings will resolve all issues in the federal suit is a "significant countervailing consideration." Holder, 305 F.3d at 859 (quoting Intel Corp., 12 F.3d at 913.); Smith v. Central Ariz. Water Conservation Dist., 418 F.3d 1028, 1033 (9th Cir. 2005).

To the extent that Defendant moves to dismiss on the basis that Plaintiffs have failed to state a claim upon which relief can be granted, that argument also fails for the reasons set forth herein. Defendant does not submit briefing on this argument that is different or independent from its motion to dismiss under Colorado River.

Finally, the Court notes that Defendant's reply memorandum indicates that Defendant believes that the federal action may be moot. Defendant is entitled to file a motion to dismiss on grounds of mootness should Defendant believe the matters moot.

## CONCLUSION

For the reasons stated above, the Court DENIES Defendant's Motion to Dismiss and DENIES WITHOUT PREJUDICE Defendant's Motion to Stay.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 24, 2010.



_____
David Alan Ezra
United States District Judge

Diamond Resort Hawaii Corporation et al. v. Bay West Kailua Bay LLC, CV No. 10-00117 DAE-LEK;  ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO STAY PROCEEDINGS