IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DIAMOND RESORT HAWAII CORPORATION, a Hawaii corporation; DIAMOND RESORT MANAGEMENT, INC., a Hawaii corporation; and JANIC CORPORATION, a Hawaii corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> BAY WEST KAILUA BAY, LLC, a Virginia limited liability company, <br><br> Defendant. | CV. NO. 10-00117 DAE-BMK |

ORDER GRANTING PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT ON DAMAGES

On July 1, 2011, the Court heard Plaintiffs' Motion for Summary

Judgment on Damages ("Motion"). Steven M. Egesdal, Esq., appeared at the

hearing on behalf of Plaintiffs; Matthew C. Shannon, Esq., appeared at the hearing

on behalf of Defendant. After reviewing the motion and the supporting and

opposing memoranda, the Court **GRANTS** Plaintiffs' Motion for Summary

Judgment (Doc. # 58).

BACKGROUND

On March 3, 2010, Diamond Resort Hawaii Corporation, Diamond Resort Management, Inc., and Janic Corporation (collectively, "Plaintiffs") filed a Complaint alleging a breach of a June 6, 2008 promissory note ("Note") on a commercial loan from Plaintiffs to Bay West Kailua Bay, LLC ("Defendant"). ("Compl.," Doc. # 1.) The principal amount of the loan was $2,123,255.00. (Id. ¶ 7.)

Prior to executing the promissory note on August 20, 2007, Plaintiffs entered into a Purchase and Sale Agreement ("Purchase Agreement") with Black Diamond Hospitality Investments, LLC ("Black Diamond"), for the sale of the Hotel Wailea, located at 555 Kaukahi Street, Wailea, on the island of Maui ("Property"). (Doc. # 50 at 3.) Specifically, the Property contained 1400 ownership units, at least 491 of which Black Diamond contracted to purchase from Plaintiffs per the Purchase Agreement. (Doc. # 30, Ex. 9 ¶ 6.)

On June 4, 2008, Plaintiffs, Defendant, and Black Diamond entered into a Partial Assignment of Rights Under Purchase and Sale Agreement; Twelfth Amendment to Purchase and Sale Agreement ("Twelfth Amendment"), whereby Black Diamond assigned to Defendant the right to purchase 123 units of the Property for $3,690,000.00. (Doc. # 30, Ex. 10.) Pursuant to the terms of the

2

Twelfth Amendment, Defendant provided a down payment to Plaintiffs in the sum of $1,566,745.00 for the purchase of the 123 units of the Property.  On June 6, 2008, Defendant executed the Note here at issue for the remaining $2,123,255.00 as proscribed by the Twelfth Amendment.  (Id.)  On July 1, 2008, Defendant executed an amendment to the Note ("Amendment to Note"), which extended the Note's maturity date to June 30, 2010.  (Compl. ¶ 8.)

Defendant secured the Note by executing a Purchase Money First Mortgage, Security Agreement and Financing Statement ("Mortgage") on June 6, 2008.  (Id. ¶ 9.)  The Mortgage was filed in the Land Court as Document No. 3756432.  (Id.)  The Mortgage was subsequently amended on July 1, 2008, with an agreement and financing statement filed in the Land Court as Document No. 3765202.  (Id.)  The Mortgage granted Plaintiffs a mortgage lien and security interest in the Property.[1]  (Id.)

On June 16, 2008, Defendant executed an Accommodation Mortgage Security Agreement and Fixture Filing in favor of Central Pacific Bank ("CPB") in connection with a loan from CPB to Black Diamond ("Accommodation

---

[1] On June 6, 2008, Defendant filed a financing statement in favor of Plaintiffs in the Bureau of Conveyances, State of Hawaii.  (Compl. ¶ 10.)  On June 13, 2008, Defendant filed a financing statement in favor of Plaintiffs in the Office of the Clerk for the State Corporation Commission of the Commonwealth of Virginia.  (Id.)  Both statements were amended in July 2008.  (Id.)

Mortgage"). (Id. ¶ 11.) Plaintiffs subordinated their interests under the Mortgage to the CPB Accommodation Mortgage on June 30, 2008. (Id. ¶ 13.)

On November 4, 2009, Defendant conveyed its interest in the 123 units of the Property to Black Diamond by Assumption Deed. (Id. ¶ 14.) Defendant thereby assigned its rights and obligations established by the Note, including its payment obligations, to Black Diamond. (Id. ¶ 16.) Plaintiffs, however, maintain that while they consented to the assignment and delegation, they explicitly did not release Defendant from its financial obligations under the Note or Mortgage. (Id. ¶¶ 15–16.)

Plaintiffs allege that, as of January 30, 2010, the full balance of principle and interest under the Note remained unpaid. (Id. ¶ 20.) On February 10, 2010, Plaintiffs notified Defendant of default on the note and accelerated payment of all amounts owed. Plaintiffs thereafter brought suit against Defendant to recover damages for the entire principal amount under the Note, including any accrued unpaid interest as well as attorney's fees and costs. (Id. ¶ 27.)

On September 23, 2010, Plaintiffs filed a Motion for Summary Judgment on Complaint along with a Concise Statement of Facts. ("MSJ," Doc. # 29; "PCSF," Doc. # 30.) On February 25, 2011, the Court issued an order granting the Motion for Summary Judgment ("February Order"). ("Feb. Order,"

4

Doc. # 57.) In its February Order, the Court resolved all legal issues in favor of Plaintiffs and directed them to submit a subsequent motion for damages. (Id. at 23.) The Court also found that "to the extent that Defendant failed to rebut the facts Plaintiffs alleged in their [Concise Statement of Facts] they are deemed admitted per Local Rule 56.1(g)." (Id. at 5 n.5.)

Plaintiffs filed the instant Motion for damages on April 6, 2011. ("Mot.," Doc. # 58.) Defendant filed its Opposition on May 27, 2011. ("Opp'n," Doc. # 63.) Plaintiffs filed their Reply on June 3, 2011. ("Reply," Doc. # 65.)

## STANDARD OF REVIEW

Rule 56 requires summary judgment to be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Porter v. Cal. Dep't of Corr., 419 F.3d 885, 891 (9th Cir. 2005); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). A main purpose of summary judgment is to dispose of factually unsupported claims and defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 323–24 (1986).

Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial. See id. at 323. Before granting summary judgment, however, a non-moving party must have

a "'full and fair opportunity to ventilate the issues [related to] the . . . claims.'" Norse v. City of Santa Cruz, 629 F.3d 966, 972–73 (9th Cir. 2010) (quoting Greene v. Solano Cnty. Jail, 513 F.3d 982, 990 (9th Cir. 2008)).

The burden initially falls upon the moving party to identify for the court those "portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323). This assertion must be supported by citations "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, . . . admissions, interrogatory answers, or other materials," or by demonstrating "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c).

If the moving party meets its burden under Rule 56, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial" and may not rely on the mere allegations in the pleadings. Porter, 419 F.3d at 891 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)). In setting forth "specific facts," the nonmoving party may not meet its burden on a summary judgment motion by making general references to evidence without page or line

numbers. S. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 889 (9th Cir. 2003); Local Rule 56.1(f) ("When resolving motions for summary judgment, the court shall have no independent duty to search and consider any part of the court record not otherwise referenced in the separate concise statements of the parties."). "[A]t least some 'significant probative evidence'" must be produced. T.W. Elec. Serv., 809 F.2d at 630 (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 290 (1968)). "A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact." Addisu, 198 F.3d at 1134. Further, the Ninth Circuit has "refused to find a 'genuine issue' where the only evidence presented is 'uncorroborated and self-serving' testimony." Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002) (citing Kennedy v. Applause, Inc., 90 F.3d 1477, 1481 (9th Cir. 1996)). "Conclusory allegations unsupported by factual data cannot defeat summary judgment." Rivera v. Nat'l R.R. Passenger Corp., 331 F.3d 1074, 1078 (9th Cir. 2003).

Where conflicting evidence is presented by both parties, "the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact." T.W. Elec. Serv., 809 F.2d at 631. In other words, evidence

and inferences must be construed in the light most favorable to the nonmoving party. Porter, 419 F.3d at 891. The court does not make credibility determinations or weigh conflicting evidence at the summary judgment stage. Id.; see also Nelson v. City of Davis, 571 F.3d 924 (9th Cir. 2009) ("[C]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.") (citations omitted). However, inferences may be drawn from underlying facts not in dispute, as well as from disputed facts that the judge is required to resolve in favor of the nonmoving party. T.W. Elec. Serv., 809 F.2d at 631.

## DISCUSSION

The question left unresolved by this Court's February Order was the precise amount of damages which Defendant owed to Plaintiffs. Although the Court provided Plaintiffs the opportunity to file this Motion, the parties should have been able to stipulate to the total amount owed. Indeed, it appears that Counsel for the Plaintiffs thrice reached out to Counsel for Defendant to stipulate to the amount of damages. (See Mot., Exs. A–C.) Defendant did not respond.

I.      Defendant's Opposition

Defendant has opposed this Motion, but has not disputed Plaintiffs' calculation with respect to damages.[2]   Instead, Defendant has argued that the "Declaration submitted by Plaintiffs with their first Motion for Summary Judgment, which Plaintiffs attempt to rely on currently, is insufficient under Hawaii law for purposes of Plaintiffs' current Motion for damages."  (Opp'n at 3.) Specifically, Defendant complains that the declaration does not comply with Hawaii law because "it does not include an accounting ledger or other primary document used to calculate what is owed by Bay West."  (Id. at 4; see also id. at 5–6 .)  The Court disagrees.

As a preliminary matter, the Court has already found:

> The record shows that: (1) the Note was signed by Defendant; (2) Plaintiffs are the owners and holders of the note; (3) the Note is in default as Defendant has failed to make any payments on the Note since its first due date beginning August 1, 2008; and (4) as of January 31, 2010, the princip[al] balance of the Note was $2,123,255.00 and interest totaled $49,542.05.

(Feb. Order at 9.)  These findings govern resolution of the instant Motion per the "law of the case doctrine."  The law of the case doctrine is a judicial invention

---

[2] Defendant notes that Plaintiffs have "already botched one attempt to calculate the amounts due," but do not actually dispute the calculations presented in the Motion.  (Opp'n at 6.)

9

designed to aid in the efficient operation of court affairs. United States v. Thrasher, 483 F.3d 977, 981 (9th Cir. 2007) (citing Herrington v. County of Sonoma, 12 F.3d 901, 904 (9th Cir. 1993)). Under the doctrine, a court is "generally precluded from reconsidering an issue previously decided by the same court[.]" United States v. Lummi Indian Tribe, 235 F.3d 443, 452 (9th Cir. 2000). For the doctrine to apply, the issue in question must have been "decided explicitly or by necessary implication in the previous disposition." Id. (internal quotation and citation omitted). Application of the doctrine is discretionary and a trial judge's decision to apply the doctrine is thus reviewed for an abuse of discretion. Id.

A court abuses its discretion in applying the law of the case if: "(1) the first decision was clearly erroneous; (2) an intervening change in the law occurred; (3) the evidence on remand was substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result." Ingle v. Circuit City, 408 F.3d 592, 594 (9th Cir. 2005). "Law of the case should not be applied woodenly in a way inconsistent with substantial justice." United States v. Miller, 822 F.2d 828, 832–33 (9th Cir. 1987) (citing Moore v. Js. H. Matthews & Co., 682 F.2d 830, 833–34 (9th Cir. 1982)).

In opposition to the instant Motion, Defendant relies upon only one case, GE Capital, Inc. v. Yonenaka, 25 P.3d 807, 815 (Haw. 2001), overruled on other grounds by Price v. AIG Haw. Ins. Co., 111 P.3d 1 (Haw. 2005), to argue that the declaration relied upon by the Court in its February Order is legally insufficient under Hawaii law. (Opp'n at 4–5.) The case is inapposite. At issue in GE Capital was whether an affidavit satisfied standards for admissible evidence required under Hawaii Rule of Civil Procedure 56(e) and Hawaii Evidence Rule 802. 25 P.3d at 815. The instant Motion, however, was brought per Federal Rule of Civil Procedure 56(c)—a federal procedural law. As is well established, "[u]nder the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." Snead v. Metro. Prop & Cas. Ins. Co., 237 F.3d 1080, 1090 (9th Cir. 2001) (emphasis added); see also Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). Thus, per Erie, the Court here applies federal law, not state law. See Hanna v. Plumer, 380 U.S. 460, 465–67 (1965) (holding that federal rules of procedure govern matters of procedure in a diversity action.) GE Capital and any argument relating thereto is thus irrelevant.

Instead, per federal law, in a motion for summary judgment the burden initially falls upon the moving party to identify for the court those "portions of the materials on file that it believes demonstrate the absence of any genuine

11

issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323). This assertion must be supported by citations "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, . . . admissions, interrogatory answers, or other materials," or by demonstrating "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c) (emphasis added). Plaintiffs complied with these requirements and the Court found they were entitled to summary judgment in its February Order. The Hawaii Supreme Court's application of Hawaii State procedural law in Yonenaka does not change this result. Defendant proffers no other argument as to why the Court should not apply the law of the case doctrine to the instant Motion. Accordingly, the Court finds that its conclusions in the February Order are now binding here per the law of the case doctrine.

II.     The Motion

Given these findings, the Court concludes there is no issue of material fact with respect to the amount of damages owed to Plaintiff.

To recount, on June 6, 2008, Defendant executed the Note here at issue for $2,123,255.00. ("Note," Doc. # 30, Ex. 2 at 1.) The Note provided that in the case of default, Defendant would pay interest on the principal balance as well as all other amounts due at the rate of 12% per annum until all amounts were paid in full. (Id. at 2.) On July 1, 2008, Defendant executed an amendment to the Note which: (1) reaffirmed the principal amount of the loan; (2) established the interest rate at four percent per annum; (3) modified the terms to require monthly payments of interest only from August 1, 2008; and (4) extended the maturity date of the Note to June 30, 2010. (Doc. # 30, Ex. 3 at 1.)

On January 31, 2010, Defendant defaulted under the note. (See Feb. Order at 9.) At that time, the principal balance of the Note was $2,123,255.00 and interest totaled $49,542.05 for a total of $2,172,797.05. (See id.) Since January 31, 2010, interest has been accruing at a rate of $724.27 per day. (See Note at 2 ("[In the case of default] the entire amount of principal and any other amount then outstanding under this note shall bear interest at a rate of twelve percent (12%) per annum until paid, and shall be calculated on the basis of a 360-day year and the actual number of days elapsed.").) From January 31, 2010, to the date the instant Motion was filed, 430 days elapsed. Defendant therefore owes an additional $311,434.23 for that period of time. An additional 85 days passed between the

date when the instant Motion was filed and the hearing on the Motion was held, totaling an additional $61,562.95. Thus, Plaintiffs are entitled to a total amount of $2,545,795.15.

Accordingly, the Court **GRANTS** Plaintiffs' Motion and awards money damages in Plaintiffs' favor and against Defendant in the amount of $2,545,795.15.

CONCLUSION

For these reasons, the Court **GRANTS** Plaintiffs' Motion for Summary Judgment (Doc. # 58). The Clerk of the Court is hereby directed to enter judgment in favor of Plaintiffs.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 1, 2011.

_____
David Alan Ezra
United States District Judge

Diamond Resort Hawaii Corporation et al. v. Bay West Kailua Bay LLC, CV No. 10-00117 DAE-BMK; ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON DAMAGES