IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DIAMOND RESORT HAWAII CORPORATION, a Hawaii corporation, et al.,<br><br>  Plaintiffs,<br><br>    vs.<br><br>BAY WEST KAILUA BAY, LLC, a Virginia limited liability company,<br><br>  Defendant. | CV. NO. 10-00117 DAE-BMK<br><br>FINDINGS AND RECOMMENDATION THAT PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS BE GRANTED IN PART AND DENIED IN PART |

FINDINGS AND RECOMMENDATION THAT PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS BE GRANTED IN PART AND DENIED IN PART

Before the Court is Plaintiffs Diamond Resort Hawaii Corporation, Diamond Resort Management Inc., and Janic Corporation's (collectively, "Plaintiffs") Motion for Attorney's Fees and Costs. (Doc. # 70.) After careful consideration of the motion, the supporting memorandum, and the attached documentation, the Court FINDS and RECOMMENDS that Plaintiffs' motion be

GRANTED IN PART AND DENIED IN PART.[1]

Briefly stated, this dispute stems from Defendant's breach of a note owed to Plaintiffs in the amount of $2,123,255.00. (Order Granting Summ. J., Doc # 57 at 2.) District Judge David A. Ezra granted Plaintiffs' motion for summary judgment and directed Plaintiffs to file a separate motion on the issue of damages. (Id. at 23.) Judge Ezra subsequently granted Plaintiffs' motion for summary judgment on the issue of damages, and issued judgment in favor of the Plaintiffs for $2,545,795.15. (Order Granting Summ. J. on Damages, Doc. # 67 at 14.) Plaintiffs filed the instant motion for attorneys' fees and costs, and Defendant did not file an opposition. (Doc. # 70.)

This Court FINDS and RECOMMENDS that Plaintiffs are entitled to attorneys' fees under Hawaii Revised Statutes ("HRS") § 607-14 (Supp. 2010), because they prevailed, and the note at issue contained a provision requiring the payment of attorneys' fees in the event of nonpayment. (Doc # 70, Ex. A at 2, ¶ 9) ("If this note is not paid when due . . . or if it is collected through a bankruptcy or other court proceedings, whether before or after maturity, Maker agrees to pay all costs of collection, including, without limitation, reasonable attorneys' fees,

---

[1] Pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"), the Court elects to decide this matter without a hearing.

investigation costs, and all court costs incurred by Holder."); see HRS § 607-14 (providing that when a contract contains a fees provision, "there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable . . . ."). Therefore, Plaintiffs are entitled to attorneys' fees.

With respect to the reasonableness of the fees, Hawaii courts calculate reasonable attorneys' fees based on a method that is virtually identical to the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  See DFS Grp. L.P. v. Paiea Props., 131 P.3d 500, 505 (Haw. 2006). Reasonable attorneys' fees are determined by multiplying the number of hours reasonably expended by a reasonable hourly rate. See id. at 505-06. The Plaintiffs are seeking $198,355.72 in fees and taxes for 809.1 hours of work. (Mem. in Supp. of Mot., Doc. # 70 at 11-12.) With the exception of the fees charged in connection with the use of paralegals and staff, the fees requested by Defendants on their face do not appear to be unreasonable. There being no opposition, this Court FINDS that the attorneys' fees requested for all matters not related to paralegals and staff are reasonable. With respect to the fees related to paralegals and staff, Plaintiffs billed 294 hours for five paralegals and a "senior office clerk" with a certificate in paralegal studies. (Harstad Decl., Doc. # 70 at 9, ¶ 8(p); Mem.

in Supp. of Mot., Doc. # 70 at 11.))  The paralegals were billed at a rate of $150 to $160 per hour and the senior office clerk was billed at a rate of $120 per hour. (Mem. in Supp. of Mot., Doc. # 70 at 11.)  The Plaintiffs billed a total of $42,399 for the paralegals and the clerk.  Id.  Courts in this district have typically allowed a rate of $85 per hour for paralegals.  See Donkerbrook v. Title Guar. Escrow Services, Inc., Civ. No. 10–00616 LEK–RLP, 2011 WL 3649539, at *7 (D. Haw. Aug. 18, 2011); Ko Olina Dev., LLC v. Centex Homes, Civ. No. 09-00272 DAE-LEK, 2010 WL 447451, at *2-3 (D. Haw. Feb. 9, 2010) (finding that $85 is a reasonable hourly rate for a paralegal with thirty years of experience).  This Court FINDS that $85 per hour is a reasonable rate for the paralegals and the office clerk in this case, and that $24,990 (294 hours * $85/hour = $24,990) is a reasonable amount of fees to be awarded for their services.  The Court FINDS that $17,409 ($42,399 - $24,990 = $17,409) should be subtracted from Plaintiffs' request for fees.  Therefore, this Court FINDS and RECOMMENDS that Plaintiffs' Motion for Attorneys' fees be GRANTED IN PART AND DENIED IN PART, and that Plaintiffs be awarded $180,946.72 in attorneys' fees.

With respect to costs, Plaintiffs assert that they are entitled to $14,984.55 in costs broken down as follows:  1) $377.00 in filing and certification fees; 2) $951.50 in internally-incurred copying costs; 3) $9,057.70 in copying costs

paid to an outside vendor; and 4) $4,598.35 in Westlaw charges for legal research in the case.  (Mem. in Supp. of Mot., Doc. # 70 at 14.)  Rule 54(d)(1) of the Federal Rules of Civil Procedure ("FRCP") provides that "[u]nless a federal statute, these rules or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."  Hawaii courts have also interpreted HRS § 607-14 to allow an award of costs.  See Fought & Co., Inc. v. Steel Eng'g & Erection, Inc., 951 P.2d 487, 502 (Haw. 1998) (noting that appellate courts have jurisdiction to award costs pursuant to HRS § 607–14).  The costs listed by the Plaintiffs do not appear unreasonable on their face and Defendant has not filed an opposition suggesting that the costs requested by the Plaintiffs are unreasonable.  Therefore, this Court FINDS and RECOMMENDS that Plaintiffs are entitled to $14,984.55 in costs.

## CONCLUSION

For the foregoing reasons, the Court FINDS and RECOMMENDS that Plaintiffs' Motion for Attorneys' Fees and Costs be GRANTED IN PART AND DENIED IN PART.  The Court RECOMMENDS that Plaintiffs be awarded $195,931.27 in attorneys' fees and costs.

DATED:  Honolulu, Hawaii, October 24, 2011.

IT IS SO FOUND AND RECOMMENDED.



   /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Diamond Resort Hawaii Corporation et al. v. Bay West Kailua Bay, LLC; Civ. No. 10-00117 DAE-BMK; FINDINGS AND RECOMMENDATION THAT PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS BE GRANTED IN PART AND DENIED IN PART.